# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

ABE ROBINSON, )
)
                Plaintiff, )
) CIVIL ACTION
v. )
) No. 12-2506-JWL
CAROLYN W. COLVIN,[1] )
Acting Commissioner of Social Security, )
)
                Defendant. )
_____ )

## MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Commissioner of Social Security (hereinafter Commissioner) denying Social Security Disability (SSD) benefits and Supplemental Security Income (SSI) benefits under sections 216(i), 223, 1602, and 1614(a)(3)(A) of the Social Security Act. 42 U.S.C. §§ 416(i), 423, 1381a, and 1382c(a)(3)(A) (hereinafter the Act). Finding error in the Commissioner's evaluation of the medical opinions, the court ORDERS that the decision shall be REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent with this opinion.

---

[1]On February 14, 2013, Carolyn W. Colvin became Acting Commissioner of Social Security. In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, Ms. Colvin is substituted for Commissioner Michael J. Astrue as the defendant. In accordance with the last sentence of 42 U.S.C. § 405(g), no further action is necessary.

**I.     Background**

Plaintiff applied for both SSD and SSI alleging disability beginning March 16, 2009. (R. 12, 111-12, 118-20). In due course, Plaintiff exhausted proceedings before the Commissioner, and now seeks judicial review of the final decision denying benefits. He alleges the Administrative Law Judge (ALJ) erred in assessing residual functional capacity (RFC) by failing to assign weight to the medical opinions of a non-treating psychologist, John Keough,[2] and a non-examining psychologist, Dr. Isenberg; by failing to consider a third party statement properly; by failing to accord proper weight to the disability determination made by the Veterans Affairs Department; and by failing to accord proper weight to Plaintiff's allegations of symptoms resulting from his impairments. Finally, he argues that the ALJ erred by failing to make specific on-the-record findings regarding the physical and mental demands of Plaintiff's past relevant work at step four of the sequential evaluation process.

The court's review is guided by the Act. Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009). Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be

---

[2]Mr. Keough completed a consultative psychological evaluation of Plaintiff at the request of the state Disability Determination Service, and provided a report of that examination. (R. 346-49). Mr. Keough signed his report, "John Keough, M.A., Licensed Psychologist." (R. 348). From this evidence it is clear that Mr. Keough is a licensed psychologist, and therefore an "acceptable medical source" as defined in the regulations. 20 C.F.R. §§ 404.1513(a)(2), 416.913(a)(2). However, his educational attainment appears to be a Master of Arts degree, and the court makes a distinction merely in title between Dr. Isenberg and Mr. Keough.

conclusive." 42 U.S.C. § 405(g). The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether she applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but it is less than a preponderance; it is such evidence as a reasonable mind might accept to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005). Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability. 20 C.F.R. §§ 404.1520, 416.920; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In the first three steps, the Commissioner determines whether

claimant has engaged in substantial gainful activity since the alleged onset, whether he has a severe impairment(s), and whether the severity of his impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1). Williams, 844 F.2d at 750-51. After evaluating step three, the Commissioner assesses claimant's RFC. 20 C.F.R. § 404.1520(e). This assessment is used at both step four and step five of the sequential evaluation process. Id.

The Commissioner next evaluates steps four and five of the sequential process--determining at step four whether, in light of the RFC assessed, claimant can perform his past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, claimant is able to perform other work in the economy. Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work. Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC assessed. Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

The court finds that remand is necessary because the ALJ failed to weigh the medical opinions of the psychologists, Mr. Keough and Dr. Isenberg, properly. Because the court determines remand is necessary, Plaintiff may make his remaining arguments to the Commissioner on remand, and the court will not address them here.

## II.  Evaluation of the Medical Opinions

Plaintiff argued that the ALJ erred as a matter of law because she failed to identify how she weighed the medical opinions of Mr. Keough and Dr. Isenberg in assessing Plaintiff's RFC.  He acknowledged the ALJ's statement that the RFC she assessed was generally consistent with Dr. Isenberg's opinion, but argued that because she failed to specify the weight given the opinions, "it is impossible for th[e] court to determine how the opinions were treated in the formulation of the RFC by the ALJ."  (Pl. Br. 11).  The Commissioner argued that the ALJ properly considered and discussed the opinions of both Dr. Isenberg and Mr. Keough.  She urged that Plaintiff's argument that the ALJ must specify the weight accorded to each medical opinion elevates form over substance because "the intent of the regulations is to require an ALJ to consider and evaluate each medical opinion," and because "the Tenth Circuit recently noted, the ALJ's decision is sufficient if it permits us [the reviewing court] to follow the adjudicator's reasoning." (Comm'r Br. 18, 19) (quotation marks omitted) (citing and quoting Soc. Sec. Rulings (SSR) 96-2p, 96-5p, 96-8p, 06-3p, and Keyes-Zachary v. Astrue, 695 F.3d 1156, 1163 (10th Cir. 2012)).

The Commissioner pointed out the ALJ's statement that her RFC finding was generally compatible with the limitations assessed by Dr. Isenberg, and she pointed out Dr. Isenberg's statement that Mr. Keough's conclusions were weighted heavily.  She pointed out that the "ALJ noted that her RFC finding was generally compatible with Dr. Isenberg's limitations and supported by [Mr.] Keough's opinion." (Comm'r Br. 20).  She

5

explained how in her view Dr. Isenberg's and Mr. Keough's opinions are consistent with the RFC assessed by the ALJ, and concluded by arguing that "Plaintiff has not pointed to any significant limitations that the ALJ did not account for in her RFC determination." Id. at 22.

In his Reply Brief, Plaintiff argued that "the general principle that the ALJ is not required to discuss every piece of evidence does not control when an ALJ has opinion evidence from a medical source," and the "mere mention of an opinion does not satisfy the regulatory requirements," but that unless a treating source opinion is given controlling weight, "the ALJ 'must' explain in the decision the weight given to the opinions of state agency medical or psychological consultants."  (Reply 1) (citing Knight v. Astrue, 388 Fed. App'x 768, 771 (10th Cir. 2010); Ray v. Astrue, No. 12-4029-SAC, 2013 WL 557175 (D. Kan. Feb. 13, 2013); 20 C.F.R. §§ 404.1527, 416.927; and SSR 96-2p, 96-6p, 96-8p).  He concluded by pointing out that the RFC assessed is inconsistent with Mr. Keough's opinion that Plaintiff is mildly to moderately impaired in the abilities to adapt to the environment of others, or to adjust to changes in routine, and is inconsistent with Dr. Isenberg's opinion that Plaintiff is moderately limited in the abilities to carry out detailed instructions or to set realistic goals or make plans independently of others. (Reply 2).

### A.  **Standard for Evaluating Medical Opinions**

Medical opinions may not be ignored, and unless a treating source opinion is given controlling weight, <u>all</u> medical opinions will be evaluated by the Commissioner in

accordance with factors contained in the regulations. 20 C.F.R. §§ 404.1527(d), 416.927(d); SSR 96-5p, West's Soc. Sec. Reporting Serv., Rulings 123-24 (Supp. 2013). Those factors are: (1) length of treatment relationship and frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. Watkins v. Barnhart, 350 F.3d 1297, 1301 (10th Cir. 2003); 20 C.F.R. §§ 404.1527(d)(2-6), 416.927(d)(2-6); see also Drapeau v. Massanari, 255 F.3d 1211, 1213 (10th Cir. 2001) (citing Goatcher v. Dep't of Health & Human Servs., 52 F.3d 288, 290 (10th Cir. 1995)).

SSR 96-8p includes narrative discussion requirements for an RFC assessment. West's Soc. Sec. Reporting Serv., Rulings 149 (Supp. 2013). The discussion is to cite specific medical facts and nonmedical evidence to describe how the evidence supports each conclusion, discuss how the plaintiff is able to perform sustained work activities, and describe the maximum amount of each work activity the plaintiff can perform. Id. The discussion must include an explanation how any ambiguities and material inconsistencies in the evidence were considered and resolved. Id. It must include consideration of medical opinions regarding plaintiff's capabilities, and if the ALJ's RFC

assessment conflicts with a medical opinion, the ALJ must explain why she did not adopt the opinion. Id. at 149-50.

**B.     Analysis**

The court agrees with the Commissioner that an ALJ's decision is sufficient if it permits a reviewing court to follow the adjudicator's reasoning. Keyes-Zachary, 695 F.3d at 1163. But, it also agrees with Plaintiff that the decision must reveal the weight accorded each medical opinion and the reasons for that weight. Oldham v. Astrue, 509 F.3d 1254, 1258 (10th Cir. 2007). Moreover, if the ALJ's RFC assessment conflicts with a medical opinion, she must explain why she did not adopt the opinion. SSR 96-8p, West's Soc. Sec. Reporting Serv., Rulings 149-50 (Supp. 2013).

As Plaintiff points out, Dr. Isenberg opined that Plaintiff is "Moderately Limited" in "[t]he ability to carry out detailed instructions," and "[t]he ability to set realistic goals or make plans independently of others." (R. 364-65). Mr. Keough opined that Plaintiff is "mildly to moderately impaired" in the ability "to adapt to the environment of others," and in the ability to "adjust to changes in routine." (R. 348). The RFC assessed by the ALJ, on the other hand provides only "the following nonexertional limitations: He can perform work up to an intermediate skill level of SVP [(specific vocational preparation)] 4 and can have superficial interaction with co-workers, supervisors and the general public." (R. 16).

Plaintiff asserts that an SVP of 4 requires the ability to carry out detailed instructions which is inconsistent with Dr. Isenberg's opinion (Pl. Br. 18), while the

8

Commissioner argues that it requires only an ability to perform work at a "simple to moderate level of complexity" which is consistent with both Dr. Isenberg's and Mr. Keough's opinions. (Comm'r Br. 21 & n.6). Although the court tends to agree with the Commissioner, it need not decide this issue because it finds that in any case the RFC assessed conflicts with Dr. Isenberg's opinion that Plaintiff is moderately limited in the ability to set realistic goals or make plans independently of others, and with Mr. Keough's opinion that Plaintiff is mildly to moderately limited in the abilities to adapt to the environment of others and to adjust to changes in routine. These conflicts require remand for the Commissioner to explain why she did not adopt the medical opinions.

The Commissioner argues in the most general of terms that the assessed limitation to superficial interaction with co-works, supervisors, and the general public is consistent with Mr. Keough's mild to moderate limitation in the abilities to adapt to the environment of others or to adapt to changes in routine. (Comm'r Br. 20-21). However, the Commissioner does not explain, and the court does not understand, how limitations in adaptability are consistent with or related to limitations to superficial interaction with other persons. Neither the ALJ in her decision, nor the Commissioner in her brief has explained why Mr. Keough's opinions in this regard were not adopted.

The court's evaluation of Dr. Isenberg's opinion regarding setting realistic goals or making plans independently is to a similar effect. Once again, the Commissioner's brief suggests that the ALJ's limitation to work up to an intermediate skill level of SVP 4 "accounted for . . . Dr. Isenberg's finding of moderate limitations in Plaintiff's ability . . .

9

to set realistic goals or make plans independently of others." (Comm'r Br. 21). Again, the Commissioner did not specifically explain, and the court does not understand, how moderate limitations in setting goals and making plans are adequately accounted for by a limitation to work at a skill level of SVP 4 or lower. In this case, the court does see that there may be a <u>relationship</u> between skill level and setting goals or making plans, but neither the Commissioner not the ALJ has explained what that relationship <u>is</u>, based on the facts of this case, and neither has explained why Dr. Isenberg's opinions in this regard were not adopted.

Remand is necessary for a proper evaluation of the medical opinions of Mr. Keough and Dr. Isenberg.

**IT IS THEREFORE ORDERED** that the Commissioner's final decision shall be REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent with this opinion.

Dated this 2nd day of December 2013, at Kansas City, Kansas.

<u>s:/ John W. Lungstrum</u>
**John W. Lungstrum**
**United States District Judge**